```
              IN THE UNITED STATES DISTRICT COURT
                 WESTERN DISTRICT OF ARKANSAS
                      FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                          PLAINTIFF

VS.                       CASE NO. 14-50002-001

FRANK MEDINA, JR.                                                 DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Local Rule 72.1 ¶ XII, and General Order No. 40, this matter was referred to the undersigned for the purposes of conducting a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  Such a hearing was conducted on April 1, 2014, and, pursuant to a written plea agreement, the Defendant, Frank Medina, Jr., entered a plea of guilty to Count Three of the Indictment, charging him with the distribution of more than fifty grams of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). After conducting the hearing in the form and manner prescribed by Rule 11, the undersigned finds:

    1.   The Defendant, after consultation with his counsel, has knowingly and voluntarily consented, both in writing in the plea agreement and on the record at the hearing, to the entry of his guilty plea before the undersigned, with the plea being subject to final approval by United States District Judge Timothy L. Brooks.

    2.   The Defendant and the Government have entered into a written plea agreement which has been disclosed in open court

pursuant to Rule 11(c)(2), and the undersigned has directed that the plea agreement be filed.

3.  The Defendant is fully competent and capable of entering an informed plea; the Defendant is aware of the nature of the charges, the applicable maximum penalties, and the consequences of the plea; the Defendant is fully satisfied with his counsel and has had sufficient time to consult with him; and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense.

4.  The Defendant understands his constitutional and statutory rights and wishes to waive these rights.

5.  The parties were informed on the record at the hearing of their right to file written objections within fourteen (14) days after receipt of this Report and Recommendation.  To expedite acceptance of the guilty plea, the parties waived, both on the record and in writing in the plea agreement, their right to file objections.

Based on the foregoing, the undersigned recommends that the guilty plea be accepted and that the written plea agreement be tentatively approved, subject to final approval at sentencing.

DATED this 2nd day of April, 2014.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE