# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# FAYETTEVILLE DIVISION

**UNITED STATES of AMERICA**                                     **PLAINTIFF/RESPONDENT**

**V.**                      **CASE NO.. 5:14-CR-50002-001**

**FRANK MEDINA, JR.**                                        **DEFENDANT/MOVANT**

## MEMORANDUM OPINION AND ORDER

Currently before the Court is a *pro se* 28 U.S.C. § 2255 Motion and Supplement to the Motion filed by Defendant/Movant Frank Medina, Jr. (hereinafter "Defendant"). (Docs. 50, 55). The Government has filed a Response and a Supplement to the Response (Docs. 56, 57), and Defendant has filed a Reply[1] (Doc. 58). The § 2255 motion is now ripe for consideration. An evidentiary hearing is not warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that Defendant is not entitled to relief. *See* 28 U.S.C. § 2255(b); *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013).

## I. BACKGROUND

On January 29, 2014, Defendant was indicted on one count of conspiring to distribute methamphetamine; three counts of distributing more than 50 grams of actual methamphetamine; and one count of possession with intent to distribute methamphetamine, all in violation of 21 U.S.C. § 841(a)(1). (Doc. 1.) On April 1, 2014,

---

[1]In his Reply (Doc. 58 , p. 10), Defendant asserts that his trial counsel, Jack Schisler, violated his attorney-client privilege by submitting an affidavit in support of the Government's Response (Doc. 57). Defendant himself waived the privilege, as he raises issues of ineffective assistance of counsel in his § 2255 Motion. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied*, 419 U.S. 1125 (1975).

Defendant pled guilty before United States Magistrate Judge Erin L. Wiedemann[2] to one count of distributing more than 50 grams of actual methamphetamine. (Doc. 19.) Judge Wiedemann issued a Report and Recommendation (Doc. 20), recommending that Defendant's guilty plea be accepted, and noting that Defendant waived his right to file objections to the Report and Recommendation both on the record at the plea hearing and in his written plea agreement (Doc. 19 ¶ 3). On April 2, 2014, the undersigned adopted the Report and Recommendation and accepted Defendant's guilty plea. (Doc. 21.) On October 17, 2014, the undersigned sentenced Defendant to 210 months imprisonment and 5 years supervised release. (Doc. 45.) Defendant did not file a direct appeal.

Defendant filed the instant *pro se* Motion to Vacate under 28 U.S.C. § 2255, asserting the following grounds for relief:

(1) The indictment procedure was flawed in the following ways:

* a complaint detailing the essential facts of the offenses charged was never filed;

* he was not allowed to testify or present exculpatory evidence during the grand jury proceedings;

* the indictment failed to set forth a specific drug amount or drug type (d- or l-Methamphetamine); and

* the indictment was not signed or made under oath.

---

[2] Formerly Magistrate Judge Erin L. Setser.

(2) His guilty plea before a Magistrate Judge was unconstitutional.

(3) His conviction only subjected him to a 5-year mandatory minimum as opposed to a 10-year mandatory minimum sentence.

(4) His 210-month sentence creates an unwarranted sentencing disparity.

(5) The record failed to establish whether he was "sentenced for d- or L-Methamphetamine." (Doc. 50, p. 10).

(6) The Court should reconsider Defendant's sentence "in Light of the 'All Drugs Minus-Two'" Policy. (Doc. 50, p. 11).

(7) Defendant asserts that he received a 14-point enhancement pursuant to 21 U.S.C. § 851 without notice that his prior convictions would be considered by the sentencing court.

The Government asserts that Defendant's grounds for relief are procedurally defaulted. The Government further asserts that even if Defendant's claims were not defaulted, they are without merit.

## II. DISCUSSION

### A. Procedural Default

Habeas relief is an extraordinary remedy which will not be allowed to do service for an appeal, and significant barriers exist in the path of a defendant who seeks to raise an argument collaterally which he failed to raise on direct review. *See United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)), *cert. denied*, 534 U.S. 1097 (2002). More specifically, a claim unraised on direct appeal is procedurally defaulted unless the defendant can demonstrate (1) cause for the

default and actual prejudice or (2) that the failure to consider his claims would result in a fundamental miscarriage of justice. *See McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997).

In response to the Government's procedural default argument, Defendant asserts that "the exceptional circumstance relating to the improper indictment . . . r[]ises to a fundamental miscarriage of justice." (Doc. 58, p. 2). Defendant further asserts that his counsel's failure to object to the application of the 10-year mandatory minimum constitutes cause and prejudice to excuse his procedural default.

The fundamental miscarriage of justice, or actual innocence, exception to the procedural default doctrine enables a federal habeas court to consider the merits of a defaulted claim when the defendant makes a showing, based on new evidence, that a "'constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Brownlow v. Groose*, 66 F.3d 997, 999 (8th Cir. 1995) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)), *cert. denied*, 516 U.S. 1161 (1996). Defendant has made no showing that he is actually innocent of the crime of which he was convicted, and thus, the miscarriage of justice exception does not apply to excuse Defendant's procedural default.

To the extent Defendant is asserting ineffective assistance of counsel in failing to raise at the trial level the issues that form the basis for his § 2255 claims, as discussed below, Defendant's claims are without merit. Thus, counsel's failure to raise these issues at the trial level does not constitute cause excusing Defendant's procedural default.

## B. Merits of Defendant's Claims

### Ground 1: Indictment Procedure

A valid guilty plea waives all non-jurisdictional defects. *See United States v. Frook*, 616 F.3d 773, 777-778 (8th Cir. 2010), *cert. denied*, 562 U.S. 1096 (2010). Defects in an indictment do not deprive a court of its power to adjudicate a case, and thus, do not constitute jurisdictional defects. *See id.* As Defendant pled guilty and, as discussed below, his guilty plea was valid, he has waived any challenge to the indictment.

### Ground 2: Guilty Plea before a Magistrate Judge

The Magistrate Judge took Defendant's guilty plea with his express consent in the plea agreement and on the record at the plea hearing. The Magistrate Judge then prepared a Report and Recommendation recommending that the guilty plea be accepted, and the undersigned adopted the Report and Recommendation and accepted Defendant's guilty plea. This procedure has been specifically approved by the Eighth Circuit Court of Appeals. *See United States v. Torres*, 258 F.3d 791, 796 (8th Cir. 2001).

While Defendant asserts that his consent had to "be performed in front of a District Court Judge," (Doc. 50, p. 15), he cites no authority supporting this argument. Further, in adopting the Report and Recommendation, accepting Defendant's plea before the Magistrate Judge, and approving the plea agreement which contained the consent provision, the issue of consent was, in fact, before the undersigned.

Defendant further asserts that prior to his appearance before the Magistrate Judge for the plea hearing, his counsel never explained to him the difference between proceeding before a district judge or a magistrate judge and that he was not advised of his right to file

objections to the Report and Recommendation. These contentions are refuted by the written plea agreement and the transcript of the plea hearing. Paragraph 2 of the plea agreement signed by Defendant specifically states that Defendant had been advised and understood that he had a right to have his guilty plea taken by a district judge and that he consented to entering a plea before a magistrate judge, subject to approval and acceptance by the district judge. Paragraph 3 of the plea agreement states that Defendant had been advised of his right to object to the Report and Recommendation and that he wished to waive that right for the purpose of expediting acceptance of his guilty plea. (Doc. 19).

Further, as the plea hearing transcript reflects, the Magistrate Judge specifically referenced the paragraph of the plea agreement which advised Defendant of his right to plead guilty before a district judge. Defendant confirmed that he had discussed with his counsel waiving that right and entering a plea before the Magistrate Judge; that he did in fact wish to enter a plea before the Magistrate Judge; and that he had read and understood all of the terms of the plea agreement. (Doc. 60, pp. 5-6). The Magistrate Judge also specifically referenced the paragraph of the plea agreement regarding Defendant's right to file objections to the Report and Recommendation and his waiver of that right, and Defendant confirmed on the record that he did wish to waive his right to file objections. *Id.* at 14.

### Grounds 3 and 5: Mandatory Minimum Sentence and Distinction between D-Methamphetamine and L-Methamphetamine

Defendant asserts that no factual determination was made for sentencing purposes as to whether the methamphetamine was "d-dextro" or "l-levo" methamphetamine. "Unlike

d-methamphetamine, l-methamphetamine 'produces little or no physiological effect when ingested.'" *United States v. Ramirez-Olvera*, 804 F.3d 700, 701 (5th Cir. 2015). Prior to 1995, the Sentencing Guidelines distinguished between the two types of methamphetamine. However, the Guidelines were amended in 1995 to eliminate the distinction, and courts need not distinguish between the two types of methamphetamine in calculating drug quantity under the Guidelines. *Id.* at 702; *United States v. Gomez*, 550 F. App'x 613, 615-16 (10th Cir. 2013).

Defendant also argues that as the plea agreement determined the actual drug quantity to be 98.86 grams of methamphetamine, he was only subject to a 5-year mandatory minimum sentence and not a 10-year mandatory minimum. The 5-year mandatory minimum referenced by Defendant applies when the offense involves 50 grams or more of a mixture or substance containing a "detectable amount" of methamphetamine. *See* 21 U.S.C. § 841(b)(1)(B)(viii). The 10-year mandatory minimum was correctly applied because Defendant pled guilty to distributing more than 50 grams of "actual" methamphetamine, and in the factual basis for the plea, he admitted that the methamphetamine he distributed totaled 98.86 grams of "actual" methamphetamine. *See* 21 U.S.C. § 841(b)(1)(A)(viii).

Defendant makes a final argument regarding the 10-year mandatory minimum, asserting that it violated the terms of the plea agreement. This argument is completely baseless, as the plea agreement specifically stated that Defendant faced a 10-year mandatory minimum, and the Magistrate Judge specifically explained this provision of the plea agreement at the plea hearing. (Doc. 19 ¶ 12(b); Doc. 60, p. 7).

### Ground 4: Sentencing Disparity

Defendant argues that his 210-month sentence is "extremely harsh" and creates a sentencing disparity "when compa[]red to other drug offenders convicted of large amounts . . . of methamphetamine . . . with firearm charges." (Doc. 50, p. 18). Defendant references an 11-year sentence in a case from Hawaii and a 10-year sentence in a case from Washington. While Defendant references the amount of drugs involved in these two cases, he does not reference the criminal history of the defendants in these cases or make any contention that their criminal history was comparable to his, which put him in a Category VI. In any event, the "sentencing practices of one district court are not a reference point for other courts . . . . An argument that non-conspirator defendants received shorter sentences for comparable offenses is at base a disagreement with the weighing of the § 3553(a) factors . . . . This disagreement does not demonstrate an abuse of discretion." *United States v. Soliz*, 857 F.3d 781, 783 (8th Cir. 2017), *cert. denied*, 138 S. Ct. 567 (2017). Accordingly, Defendant's sentencing disparity argument is without merit.

### Grounds 6 and 7: Drugs Minus-Two Policy and Sentencing Enhancement

Defendant argues that the Court should reconsider Defendant's sentence "in Light of the 'All Drugs Minus-Two'" policy and reduce his sentence in light of drug sentencing reforms. (Doc. 50, pp. 19-20). Defendant is not entitled to any sentence reduction. As the Government points out, Defendant received the benefit of the Drugs Minus-Two Amendment, as the Court granted a two-level reduction based on the proposed Guideline amendment to U.S.S.G. § 2D1.1. (Doc. 46, p. 3).

Defendant's argument that he received a 14-point enhancement pursuant to 21

U.S.C. § 851, without notice that his prior convictions would be considered, is without merit, as Defendant received no such enhancement.

## III. CONCLUSION

Based upon the foregoing, Defendant's § 2255 Motion (Doc. 50) is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 Motion, there is no basis for the issuance of a certificate of appealability, and a certificate of appealability is therefore **DENIED**.

**IT IS SO ORDERED** on this 27th day of March, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE