**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                                **PLAINTIFF**

**V.**                                    **CASE NO. 5:14-CR-50002-001**

**FRANK MEDINA, JR.**                                                                              **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Currently before the Court is Defendant Frank Medina, Jr.'s *pro se* Motion for Compassionate Release. (Doc. 62). The Government has responded (Doc. 66), and Mr. Medina filed a reply (Doc. 67) and a supplemental reply (Doc. 72). For the reasons explained below, the Court finds that Mr. Medina is not entitled to compassionate release and therefore **DENIES** the Motion.

**I.   BACKGROUND**

On January 29, 2014, a five-count Indictment accused Mr. Medina of various methamphetamine-related offenses in the Western District of Arkansas. (Doc. 1). Mr. Medina pleaded guilty to one count of distribution of more than 50 grams of actual methamphetamine. (Doc. 45). On October 14, 2014, the Court sentenced Mr. Medina to 210 months of imprisonment and five years of supervised release. (Doc. 45, pp. 1–3). He has now served approximately 90 months of his 210-month sentence.

On February 22, 2022, Mr. Medina filed a Motion for Compassionate Release. (Doc. 62). Mr. Medina cites the need to care for his elderly parents, his fear of contracting COVID-19 again in prison, and the severity of his own medical conditions as extraordinary

and compelling reasons to grant early release. (Doc. 62).[1] Mr. Medina is 40 years old and suffers from myopia, astigmatism, benign lipomatous neoplasm, polyneuropathy, hypermetropia, hypertension, peripheral vascular disease, seborrheic dermatitis, dermatitis, nasal congestion, and edema. (Doc. 32, p. 2; Doc. 72, p. 3). The Court received and reviewed his medical records. (Doc. 66-2).

## II.  LEGAL STANDARD

Under the First Step Act of 2018 ("FSA"), inmates are permitted to seek sentence reductions directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i). Once the threshold requirement is satisfied, the Court may grant the defendant a sentence reduction if, "after considering factors set forth in 18 U.S.C. § 3553(a) to the

---

[1] Mr. Medina also argues that errors were made in his sentencing.  He contends the Court incorrectly calculated his Guideline Range to be 210-265 months, whereas Mr. Medina now contends the Guideline Range should have been 130-162 months. (Doc. 62, p. 11; Doc. 62-1). Mr. Medina's argument is misplaced for multiple reasons.  First, a Motion for Compassionate Release cannot be used to collaterally attack the underlying Judgment. Second, the collateral attack is otherwise untimely and procedurally barred because Mr. Medina neither appealed his sentence nor appealed the denial (Doc. 61) of his motion to vacate under 28 U.S.C. § 2255. Third, Mr. Medina is factually and legally wrong. Mr. Medina was held accountable for 559.87 grams of actual methamphetamine (Doc. 40, ¶¶ 45, 51), not merely the 98 grams associated with the count of conviction. The corresponding Base Offense Level (at that time) was 36 and (after downward adjustments for acceptance of responsibility) the Total Offense Level was 33. Mr. Medina was placed in Criminal History Category VI. The calculated Guideline Range was 235-293 months (Doc. 40, ¶ 102).  However, Mr. Medina was given the benefit of the so-called "Drugs Minus 2" Guideline amendment, thereby reducing his Base Offense Level to 34 and his Total Offense Level to 31.  Mr. Medina was therefore treated for sentencing purposes as having an advisory Guideline Range of 188-235 months (Doc. 46, p. 3). After considering the 18 U.S.C. § 3553(a) factors, Mr. Medina was sentenced in the middle of that range to 210 months.

extent they are applicable, [the Court] finds . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Guidelines ("U.S.S.G.") explain what constitutes "extraordinary and compelling" reasons under § 3582(c)(1)(A)(i). A defendant's family circumstances may be taken into account if those reasons concern either (1) the death or incapacitation of the caregiver of the defendant's minor child(ren), or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner. U.S.S.G. § 1B1.13, Application Note 1(C)(i)–(ii). The Court may also consider any other reason presented by the defendant not covered or specified in the Application Notes. U.S.S.G. § 1B1.13, Application Note 1(D).

The medical condition of the defendant may provide extraordinary and compelling reasons if the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Application Note 1(A)(ii)(I) of U.S.S.G. § 1B1.13. Although the Sentencing Commission has not updated or adopted a new policy statement since the FSA was enacted, the policy statement nonetheless provides guidance as to what constitutes extraordinary and compelling reasons for the purposes of 18 U.S.C § 3582(c)(1)(A). *See, e.g., United States v. Schmitt*, 2020 WL 96904, at *3 (N.D. Iowa Jan. 8, 2020).

### III. DISCUSSION

### A. Exhaustion of Remedies

The Court's ability to rule on Mr. Medina's Motion is dependent on whether he: (1) fully exhausted his administrative right to appeal the Bureau of Prisons' ("BOP") failure to bring a motion for early release, or (2) allowed 30 days to lapse since the warden received his request for early release, whichever occurs first. 18 U.S.C. § 3582(c)(1)(A)(i). The Government does not dispute that Mr. Medina exhausted all administrative remedies before filing the instant Motion.

### B. Extraordinary and Compelling Circumstances

#### 1. Family Circumstances

Compassionate early release due to family circumstances is considered upon (1) the death or incapacitation of the caregiver of the defendant's minor child(ren) or (2) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver of that spouse or partner. U.S.S.G. § 1B1.13, Application Note 1(C)(i)–(ii). Here, Mr. Medina's Motion focuses on his parents, not his spouse or partner. The Motion explains that Mr. Medina's father is a quadriplegic who "suffers from severe prostate cancer" and that his "mother suffers from cancer and is currently battling for her life." (Doc. 62, p. 3). There is no claim that either of Mr. Medina's parents is the caregiver of Mr. Medina's minor children. Accordingly, these circumstances do not warrant early release per the Application Note, but the Court will consider them as part of the overall totality of circumstances.

#### 2. Medical Conditions

Mr. Medina's next argument for compassionate release relies on his own medical conditions and the degree to which those conditions subject him to an increased risk of death or severe disease from COVID-19.

While the Court is persuaded that Mr. Medina suffers from serious medical conditions, including hypertension and peripheral vascular disease, he has failed to demonstrate that these conditions have deteriorated to the point that he is unable to provide self-care within his correctional facility. Mr. Medina's medical records show that he received the COVID-19 vaccination. (Doc. 66-2, p. 219). They also indicate that he contracted COVID-19 and, after 10 days in isolation with no symptoms, was released from isolation. *Id.* at p. 22.

Courts have agreed that the risk of COVID-19 infection does not, by itself, qualify as an extraordinary and compelling reason justifying compassionate release. *United States v. Molley*, 2020 WL 3498482, at *2–3 (W.D. Wash. June 29, 2020) ("[P]ossibility of infection is not the same as the concrete and serious threat that infection poses to at-risk inmates, and it is not an extraordinary and compelling reason to release Molley from prison"). Furthermore, according to the Centers for Disease Control and Prevention ("CDC"), the suite of COVID-19 vaccines help protect people from severe illness and reduce the likelihood of hospitalization and death. *See* CDC, The Possibility of COVID-19 After Vaccination: Breakthrough Infections, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last accessed July 28, 2022). The vaccine minimizes Mr. Medina's risk of contracting the virus again, and, if he does, his risk of serious illness is greatly reduced. In the Court's view, the risk to Mr. Medina posed by a potential infection is too speculative at this time to constitute an extraordinary and compelling reason for compassionate release.

### 3. Section 3553(a) Factors

Even if Mr. Medina was able to demonstrate extraordinary and compelling reasons for early release, he is not a suitable candidate after considering the Section 3553(a) factors. These factors include "the nature of the circumstances of the offense and the history and characteristics of the defendants" and "the need for the sentence imposed: to reflect the seriousness of the offense, to promote respect for the law, []to provide just punishment for the offense[,] to afford adequate deterrence to criminal conduct[] . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" 18 U.S.C. § 3553(a)(1), (2)(A)–(B), & (D). Section 3582(c)(1) requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) before granting a motion for compassionate release.

Mr. Medina was convicted of distribution of methamphetamine and was held responsible at sentencing for 559.87 grams of actual methamphetamine. (Doc. 32, p. 10). Mr. Medina has an extensive criminal record, which indicates a lack of respect for the law. According to the Presentence Report, his criminal history score is 20, which places him in the highest criminal history category. *Id.* at p. 15. He had a total offense level of 33, and the United States Sentencing Guidelines recommended a range of 235–93 months of imprisonment. *Id.* at p. 19. However, the Court granted a two-level departure that lowered his total offense level to 31. (Doc. 46, p. 3). This, in turn, reduced his Guideline range of imprisonment to 188–235 months imprisonment. The Court sentenced him to 210 months, which is in the middle of the reduced range. (Doc. 45, p. 2).

Furthermore, at this point, Mr. Medina has only served (approximately) 43% of his original 210-month sentence of imprisonment. In the Court's view, this amount of time is

insufficient to reflect the seriousness of his conviction, promote respect for the law, and afford adequate deterrence to those who would seek to engage in similar criminal activities. Additionally, the Court's interest in avoiding unwarranted sentencing disparities among similarly situated defendants weighs against a sentence reduction.

For these reasons, even assuming Mr. Medina has demonstrated extraordinary and compelling medical reasons justifying a reduction of his sentence, the Court finds that the Section 3553(a) factors do not justify compassionate release.

### IV.   CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Frank Medina, Jr.'s Motion for Compassionate Release (Doc. 62) is **DENIED**.

**IT IS SO ORDERED** on this 2nd day of August, 2022.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE